Sean C. MARMOY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 55370.

Missouri Court of Appeals, Western District.

Oct. 6, 1998.

Scott W. Turner, Patrick W. Campbell, Campbell and Turner, Independence, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

Before SMART, P.J., and ELLIS and HOWARD, JJ.

ELLIS, Judge.

Sean C. Marmoy appeals from the denial of his Rule 24.035 motion for post-conviction relief.

On December 1, 1992, Marmoy was charged by information with the Class C felony of possession of a controlled substance, § 195.202.[1]

On May 17, 1993, Marmoy appeared before Judge Griffin in the Circuit Court of Ray County and entered a plea of guilty. Marmoy received a suspended imposition of sentence and was placed on probation for five years. On October 18, 1996, Marmoy appeared in the Circuit Court of Ray County for a probation violation hearing. Marmoy did not contest the allegations against him, therefore, the suspended imposition of sentence was revoked and Marmoy was sentenced to a seven year term in the Missouri Department of Corrections, with execution of the sentence suspended. Marmoy was again placed on probation for five years.

On January 7, 1997, Marmoy appeared before Judge Moentmann in the Circuit Court of Ray County and entered a plea of guilty to the Class B felony of delivery of a controlled substance. As a result of this guilty plea, Marmoy was sentenced to five years in the Missouri Department of Corrections, to be served concurrently with his earlier sentence for possession of a controlled substance.

On June 18, 1997, Marmoy once again appeared before Judge Griffin for a proba-

tion violation hearing based on Marmoy's January 7, 1997 guilty plea. Judge Griffin ordered Marmoy's probation revoked and the previously imposed seven year sentence executed. He further ordered that the sentence run consecutively to the five year sentence imposed by Judge Moentmann on the other charge.

On July 28, 1997, Marmoy filed a *pro se* motion to vacate, set aside or correct the judgment or sentence under Rule 24.035. On August 28, 1997, counsel entered his appearance on behalf of appellant. In relevant part, Marmoy claimed that the motion court abused its discretion in imposing the seven year sentence consecutively rather than concurrently and that his plea counsel was ineffective for failing to advise him that his seven year sentence could run consecutively with any future sentences. On January 7, 1998, the motion court denied Marmoy's motion without a hearing.

Marmoy raises three points on appeal. In his first point, Marmoy claims that the motion court erred in running his seven year sentence consecutively to the five year sentence for delivery of a controlled substance. In his second point, Marmoy claims that he was deprived of effective assistance of counsel. Marmoy asserts that he stipulated to his alleged violation of probation based on advice from his counsel that led him to believe that his sentences would run concurrently. Because of our disposition of Marmoy's last point, we need not address these first two points.

In his third point, Marmoy asserts that the motion court erred in denying his Rule 24.035 motion prior to expiration of the time for filing an amended motion. The state confesses error, admitting that the court clerk did not notify the court reporter to prepare and file the transcript of appellant's guilty plea as required by Rule 24.035(c). Rule 24.035(c) provides that upon receipt of a 24.035 motion, "the clerk shall notify the sentencing judge and shall notify the court reporter to prepare and file the complete transcript of the movant's guilty plea and sentencing hearing if the transcript has not

---

1. All statutory references are to RSMo 1994 unless otherwise noted.

yet been prepared or filed." Under Rule 24.035(g), "the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." There is no record that the transcripts were either ordered or filed. As a consequence, the sixty day time period for filing an amended motion pursuant to Rule 24.035(g) has not expired. Therefore, the Judgment is reversed and the cause is remanded to the motion court for further proceedings consistent with Rule 24.035, and this opinion.

All concur.